## Case No. 16,732.

### UNITED STATES v. WILSON.

[6 Chi. Leg. News, 304.]

District Court, D. Minnesota. June Term, 1874.

FORGERY WITH INTENT TO DEFRAUD THE UNITED STATES—"OTHER WRITING" CONSTRUED.

[1. The act of March 3, 1823 (3 Stat. 771). making it a crime to forge, etc., "any deed, power of attorney, order, certificate, receipt or other writing," for the purpose of defrauding the United States, cannot, by force of the words "other writing," be made to cover the case of a forged indorsement on a genuine check drawn by a pension agent upon a depository of the United States.]

[2. The common law confers no criminal jurisdiction upon the district courts, and no crime can be punished therein which is not defined to be such by an act of congress, or the constitution of the United States.]

The defendant [L. M. Wilson] was indicted for forging an indorsement on a check drawn by the pension agent of this district upon a depository of the United States. The indictment is founded upon the 1st section of the act of March 3d, 1823, which is in the following words: "If any person or persons shall falsely make, alter, forge or conterfeit, or cause or procure to be falsely made, altered, forged or counterfeited * * * any deed, power of attorney, order, certificate, receipt or other writing, for the purpose of obtaining, or receiving, or of enabling any other person or persons, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum or sums of money, or cause to be uttered and published as true any such false, forged, altered or counterfeited deed, power of attorney, order, certificate, receipt, or other writing, as aforesaid, with intent to defraud the United States, knowing the same to be false, altered, forged or counterfeited, * * * every such person shall be deemed and adjudged to be guilty of felony," etc. A motion was made to quash the indictment, on the ground that this court has no jurisdiction of the offense charged.

W. D. Cornish, for motion.

W. W. Billson, U. S. Dist. Atty., opposed.

NELSON, District Judge. If this indictment can be sustained it must be for the reason that the forgery charged falls within the clause "or other writing," as included in the 1st section of the act of congress approved March 3d. 1823. The great difficulty in the case is, that the instrument is genu-

ine—being a bank check—and the indorsement of the name of the payee only charged to be forged. The words "or other writing" are found in connection with a class of instruments, as a deed, power of attorney, order, receipts, etc., and in my opinion refer to other instruments not specifically enumerated in the section.

It would be a forced construction, and not in harmony with the object contemplated, to say that the words "other writing," when in such connection, embraced a forced indorsement of a genuine instrument. To give this court jurisdiction of the crime specified in the first subdivision of this section, an instrument in a technical sense must be forged.

The second count in the indictment must fall, also, for the instrument uttered and published as true, with intent to defraud the United States, must be such as is described in the first subdivision of the section. The common law confers no criminal jurisdiction on this court, and no crime can be punished which is not defined to be such by an act of congress, or by the federal constitution. Motion to quash the indictment is granted.